UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION NUMBER: **12-1391**   JUDGE: **VANCE**   MAGISTRATE: **ROBY**

DALE FIRMIN

V.

RICHARD CONSTRUCTION, INC

FILED:_____   _____
                                  DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND and OPPOSITION TO DEFENDANT'S REQUEST FOR REMOVAL

**MAY IT PLEASE THE COURT:**

As it will be seen by the exhibits already presented in the original writ application under review by this court, with attached exhibits, and the exhibit presented here, removal of this action to the District Court is improper and must be remanded back to the State Court as a matter of law. The defendant proposes that removal is proper under 28 U.S.C. §§ 1331, 1332, 1441 and 1146. Each of these will be addressed in turn beginning with the most important.

**28 U.S.C. § 1331    FEDERAL QUESTION**

DEFENDANT'S FALSIFICATION OF PLEADING

On the Civil Cover Sheet, and in his discussion, the defendant asserts that the plaintiff's Cause of Action is for "Discrimination and Retaliation" for his filing EEOC, ADA and OSHA complaints. That is simply false. The plaintiff's action is a Petition for Writ of Injunction against the defendant, his former employer, from interfering with his

employment at Valero Saint Charles Refinery with other contractors, as they threatened to do should he file an EEOC, ADA or OSHA complaint.[1] The defendant cannot raise an argument as to a Federal Question had he addressed the complaint properly. It clearly does not give rise to a Federal Question, "The existence of federal issues important to the resolution of a given case is a necessary, but not sufficient, precondition to removal on the basis of federal question jurisdiction." Guckin v. Nagle, E.D.Pa.2003, 259 F.Supp.2d 406.

There are five essential elements for removal under 1331, 1) a right or immunity created by the Constitution or laws of the United States *must be an essential element of the cause of action*, 2) the right or immunity must be such that it will be supported if the Constitution or laws are given one construction or effect, and defeated if they receive another, 3) a genuine and present controversy must exist as to such right or immunity, 4) the controversy must be disclosed upon the face of the complaint, and 5) the complaint must be confined to a statement of plaintiff's cause of action without anticipation of any probable defense. Tunica-Biloxi Indians of Louisiana v. Pecot, W.D.La.2003, 248 F.Supp.2d 576.

"The burden of proof of establishing the existence of a federal question lies with the defendant." Blair v. Source One Mortg. Services Corp., D.Minn.1996, 925 F.Supp. 617. Presence of a potential federal question is not enough to justify removal of action to federal district court. Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, D.C.Colo.1967. 271 F.Supp. 729. The federal question raised must

---

1 The audio recording also indicates that they also threatened retaliation should he file for unemployment.

2

be "substantial." Jackson v. Strayer College, D.D.C.1996, 941 F.Supp. 192, affirmed 1997 WL 411656, rehearing denied. And the defendant must prove it by a preponderance of evidence. Kraft v. Rector, Church Wardens and Vestry of Grace Church in New York, S.D.N.Y.2004, 2004 WL 540327 unreported.

PROCEDURAL BAR

For the sake of argument, if we assume that the defendant is correct and the plaintiff's cause of action is for Discrimination and Retaliation for filing an OSHA, EEOC and ADA complaints, this court would still be procedurally barred from trying this matter in District Court because administrative remedies have not been exhausted and the plaintiff has not received his Letter for Right to Sue. Danfelt v. Board of County Comm'rs of Washington County, D.Md.1998, 988 F.Supp. 606.[2] See also Pitchford v. Aladdin Steel, Inc., S.D.Ill.1993, 828 F.Supp. 610.[3]

The plaintiff can however proceed immediately under State laws R.S. 23:13, 303, 323, 332, 964, and 967. "If relief is available under both federal and state law, federal jurisdiction may be defeated by the plaintiff's chosen reliance solely on the latter." State of N.Y. v. Local 115 Joint Bd., Nursing Home and Hosp. Employee's Div., E.D.N.Y.1976, 412 F.Supp. 720.

---

[2] Employee's claim of wrongful discharge under Maryland law, though based on an alleged violation of the Americans with Disabilities Act (ADA), could not be removed to federal court on federal question grounds.; employee was procedurally barred from pursuing on ADA claim because he had not exhausted administrative remedies and therefore federal element of state law claim was rendered insubstantial.
[3] This is the equivalent as above but addresses OSHA complaints.

3

## 28 U.S.C. § 1332  DIVERSITY OF CITIZENSHIP, AMOUNT IN CONTROVERSY

Section 1332 has two essential elements: 1) diversity of citizenship *and* 2) amount in controversy.  The defendant must prove either federal question jurisdiction or diversity of citizenship before removal is appropriate.  <u>Gateway 2000, Inc. v. Cyrix Corp.</u>, D.N.J.1996, 942 F.Supp. 985.

DIVERSITY OF CITIZENSHIP[4]

Diversity of citizenship must be complete.  <u>Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.</u>, CA.3(Pa.)1972, 461 F.2d 1140.  Corporations have citizenship of its state of incorporation and its principal place of business.  <u>Safeco Ins. Co. of America v. City of White House, Tenn.</u>, C.A.6(Tenn.)1994, 36 F.3d 540, rehearing and suggestion for rehearing *en banc* denied, 42 F.3d 319.  The defendant is also incorporated in Louisiana through its sister corporation.  See Exhibit A.  The plaintiff also served Richard Construction, Inc. at the Norco, Louisiana address.  The defendant made an appearance in court and has filed pleadings without objecting as to insufficiency of service, insufficiency of citation or improper joinder of parties and therefore has waived such objections.  LSA—C.C.P. arts 925, 926 and 928.

AMOUNT IN CONTROVERSY

"Minimum amount in controversy is essential {sic} jurisdictional requirement and failure to meet that threshold demands dismissal."  <u>Inglesais v. Mutal Life Ins. Co. of New York</u>, D.Puerto Rico.1996 918 F.Supp. 31.  "Jurisdictional monetary requirement

---

[4]  Although he argues it in his pleadings, the defendant's Civil Cover Sheet does not indicate Diversity of Citizenship.

4

for federal district court is to be strictly construed." Rameriez v. Knox, S.D.N.Y.1971 330 F.Supp. 687. "If it is at all doubtful that party seeking removal has not sustained his burden of showing jurisdictional amount, the cause should be remanded." Walpert v. Walpert, D.C.N.J.1971, 329 F.Supp. 25.

The defendant makes a Rube Goldberg[5] type interpretation in order to arrive at the threshold demand. The original petition is for an injunction to bar the defendant from interfering with his employment with other contractors at Valero Saint Charles, as they have threatened to do. Although injunctions can be considered when calculating the threshold value, this is an amount that the enjoined party may suffer to lose as a result of obeying the injunction. If the defendant honors the injunction in question in this action, he will suffer no pecuniary loss. The defendant proposes that they will suffer over $75,000 as a result of the injunction. This would require 1) a willful intent to interfere with the plaintiff's employment, 2) at the earliest possible opportunity, 3) causing the plaintiff to lose wages, 4) for a period of up to three years, and 5) that the defendant will be held liable for restitution in a separate, future action for criminal constructive contempt or in a civil suit.

"A court will not rely on the possibility of speculative damages in determining whether the [defendants] have met their burden to establish amount in controversy for diversity jurisdiction." G. Keys PC/Logis NP v. Pope, D.D.C.2009, 630 F.Supp.2d 13. "Future contingent losses not directly arising from the federal action should not be

---

5 Rube Goldberg was a cartoonist best known for his illustrations of complex, deliberately over-engineered devices to accomplish the most simple of tasks. A good example is the board game Mouse Trap sold by the Ideal Toy Company.

5

considered in evaluating the amount in controversy for diversity jurisdiction purposes." Advance America Servicing of Arkansas, Inc. v. McGinnis, C.A.8(Ark.)2008, 526 F.3d 1170.

## CONCLUSION

For reasons stated above, the district court is procedurally barred from trying the matter if this court should determine that the matter involves a federal question. Nonetheless, there is no federal question. Furthermore, the defendant has dual citizenship in Louisiana and the amount in controversy is zero—less than the minimum statutory amount of $75,000. For all of these reasons, the district court must remand as a matter of law.

The plaintiff proposes that the defendant filed this pleading, knowing it to be frivolous, for the improper purpose to harass, intimidate, increase court costs and delay litigation. The plaintiff only makes $160 per week unemployment.[6] Even the cost of gas to drive to New Orleans to defend this action is financially burdensome. The district court has the authority to dismiss and remand on its own accord without hearing and the plaintiff requests that they do so. In the alternative, the plaintiff requests an expedited evidentiary hearing. He believes that the defendant will refuse to answer the plaintiff's discovery requests, authorized by the State court and due June 15, 2012, as one of his primary motivations, if not his only motivation, for his Request for Removal.

---

6  Brand withdrew their offer of employment lest than two (2) hours after the defendant was hand served a copy of the pleading and informed of the judge's signing of the Temporary Restraining Order and just one hour before he was to report to work. The plaintiff kept this current action secrete from Brand.

        Respectfully submitted:

        _____
        DALE FIRMIN, *pro per*
        716 Saint Rose Avenue
        Saint Rose, Louisiana 70087
        504-329-8065

## CERTIFICATE OF SERVICE

  The plaintiff certifies by his signature below that he has served this Memorandum upon the defendant through his attorney of record by e-mailing the same, as stipulated in advanced, and additionally by depositing the same by certified mail, USPS postage paid in accordance with FRCP 5(b)(2) in compliance with LR 5.4 on the 4th day of June, 2012.

        _____
        DALE FIRMIN

| Tom Schedler<br>Secretary of State | State of Louisiana<br>Secretary of State<br> | **COMMERCIAL DIVISION**<br>225.925.4704<br><br>Fax Numbers<br>225.932.5317 (Admin. Services)<br>225.932.5314 (Corporations)<br>225.932.5318 (UCC) |

| Name | Type | City | Status |
|---|---|---|---|
| RICHARD CONSTRUCTION, INC OF TEXAS | Business Corporation (Non-Louisiana) | NEDERLAND | Active |

**Business:** RICHARD CONSTRUCTION, INC OF TEXAS
**Charter Number:** 36386333 F
**Registration Date:** 2/22/2007
**State Of Origin:**
**Domicile Address**
    1336 BOSTON AVE.
    NEDERLAND, TX 77627
**Mailing Address**
    1336 BOSTON AVE.
    NEDERLAND, TX 77627
**Principal Business Office**
    1336 BOSTON AVE.
    NEDERLAND, TX 77627
**Registered Office in Louisiana**
    3867 PLAZA TOWER DR., 1ST FLOOR
    BATON ROUGE, LA 70816
**Principal Business Establishment in Louisiana**
    3867 PLAZA TOWER, 1ST FLOOR
    BATON ROUGE, LA 70816

EXHIBIT A

## Status

| Status: | Active |
|---|---|
| Annual Report Status: | In Good Standing |
| Qualified: | 2/22/2007 |
| Last Report Filed: | 5/21/2012 |
| Type: | Business Corporation (Non-Louisiana) |

## Registered Agent(s)

| Agent: | REGISTERED AGENT SOLUTIONS, INC. |
|---|---|
| Address 1: | 3867 PLAZA TOWER DR., 1ST FLOOR |
| City, State, Zip: | BATON ROUGE, LA 70816 |
| Appointment Date: | 2/22/2007 |

## Officer(s)

Additional Officers: No

| Officer: | JAMES GIBSON |
|---|---|
| Title: | President |
| Address 1: | 4840 ASHLAND |
| City, State, Zip: | BEAUMONT, TX 77706 |

| Officer: | LLOYD JAMES |
|---|---|
| Title: | Vice-President |
| Address 1: | 1110 NECHES |
| City, State, Zip: | BEAUMONT, TX 77701 |

## Amendments on File

**No Amendments on file**

`Print`