UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DALE FIRMIN                                      CIVIL ACTION

VERSUS                                           NO: 12-1391

RICHARD CONSTRUCTION, INC.                       SECTION: R(4)

**ORDER AND REASONS**

Before the Court is defendant's motion to dissolve[1] the temporary restraining order issued by the St. Charles Parish Civil District Court.[2] Plaintiff opposes the motion.[3] For the following reasons, the motion to dissolve the temporary restraining order is granted.

A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A court may

---

[1] R. Doc. 3.

[2] R. Doc. 1-2.

[3] R. Doc. 9.

issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Rule 65(b) applies even though plaintiff's complaint states that defendants have been notified.[4] *See Tootsie Roll Indus., Inc. V. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987). In addition, every temporary restraining order must state the reasons why it is issued, state the terms specifically, and describe in reasonable detail - not by referring to the complaint - the act or acts restrained. Fed. R. Civ. P. 65(d)(1).

Plaintiff's complaint fails to state specific facts showing that immediate and irreparable injury. That plaintiff "fears that RCI will retaliate" is too speculative to demonstrate immediate injury. *See, e.g., RCM Techs., Inc. V. Beacon Hill Staffing Group, LLC*, 502 F. Supp. 2d 70, 74 (D.D.C. 2007)(denying application for temporary restraining order because plaintiff's alleged injuries were speculative and non-specific). Moreover, the order itself fails to state the reasons for its issuance and the terms specifically. Further, the order does not describe in reasonable detail the act or acts restrained. Because both the application for the temporary restraining order, and the order

---

[4]   Id. at ¶22.

itself, fail to meet the requirements of Rule 65, the temporary restraining order must be dissolved.

For the foregoing reasons, defendant's motion to dissolve the temporary restraining order is GRANTED. Accordingly, the temporary restraining order is hereby dissolved. The Court's case manager will contact the parties to schedule a hearing on plaintiff's application for a preliminary injunction. In addition, "evidence that is received on the motion [for a preliminary injunction] and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2).

New Orleans, Louisiana, this 11th day of June, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE