UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA



DALE FIRMIN                                      CIVIL ACTION

VERSUS                                           NO: 12-1391

RICHARD CONSTRUCTION, INC.                       SECTION: R


                         **ORDER AND REASONS**

    Before the Court is plaintiff's motion to remand for lack of subject matter jurisdiction. For the following reasons, the Court GRANTS this motion and remands the suit to state court.

I.   BACKGROUND

    Defendant Richard Construction, Inc. is a construction company that does business at the Valero Saint Charles Refinery at Norco. Plaintiff Dale Firmin worked for RCI before RCI terminated him in the spring of 2012. Firmin contends that he was fired in retaliation for his complaints to the Occupational Safety and Health Administration and the Equal Employment Opportunity Commission, rather than for defendant's stated reason that he violated refinery policy by taking a picture on a bus in the refinery parking lot.[1] In addition, Firmin alleges that he was discriminated against in violation of the Americans with

---

    [1]   R. Doc. 1-1.

Disabilities Act.[2] He contends that he also experienced sexual harassment and intimidation by a coworker and that RCI refused to take action,[3] although it ultimately fired the employee in question.[4] Firmin alleges that RCI threatened retaliation if he filed claims against the company and also threatened to report the offense to Valero so that plaintiff would be barred from all of Valero's facilities, including the Saint Charles refinery.

After his termination, plaintiff eventually received a job offer from Brand Energy & Infrastructure Services. As the job site was the Valero St. Charles Refinery, Firmin alleges that he feared harassment from RCI employees in taking the new position. Consequently, on the day he was to begin work, May 24, 2012, Firmin sought and received in state court a temporary restraining order (TRO), forbidding RCI employees from intimidating or harassing him or interfering with his employment.[5] According to Firmin, hours after the TRO was signed, his new employer told him not to come to work and that he might be reassigned. Brand eventually withdraw its job offer.

---

[2]   R. Doc. 1-1.

[3]   *Id*.

[4]   *Id*. at 2.

[5]   R. Doc. 1-2.

RCI removed the petition for the TRO to this Court and filed a motion to dissolve the TRO.[6] The Court granted this motion[7] and denied Firmin's application for a preliminary injunction, on the grounds that Firmin failed to present evidence of the likelihood of success on the merits and evidence of a threat of irreparable harm.[8] Firmin now moves to remand the suit to state court, maintaining that the Court lacks subject matter jurisdiction under either federal question or diversity jurisdiction.

**II.   STANDARD**

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). To assess whether jurisdiction exists, the Court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of

---

[6]   R. Docs. 1; 3.

[7]   R. Doc. 14.

[8]   R. Doc. 23.

remand." *Id.* (citation omitted). Although the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 456 (5th Cir. 1996).

## III. DISCUSSION

Defendant asserts that the Court has subject matter jurisdiction under both federal question and diversity jurisdiction.

### A. Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.,* 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be

4

determined by reference to the 'well-pleaded complaint.'" *Merrell Dow,* 478 U.S. at 808 (citation omitted).

In his original petition, plaintiff based his claims of discrimination and retaliation on federal statutes, citing the ADA, OSHA, and making numerous references to the EEOC, which enforces federal laws.[9] Plaintiff did not identify Title VII as the source of his sexual harassment claim, but the complaint stated that he filed an "EEOC sexual harassment" complaint and an "EEOC retaliation" complaint.[10] This repeated reference to the EEOC and Firmin's discussion of his actions under the ADA and OSHA demonstrate that federal law is the source of plaintiff's claims.

Plaintiff filed a supplemental memorandum in support of his motion to remand that identified several state statutes under which Firmin may bring claims of discrimination.[11] A plaintiff may avoid federal jurisdiction by exclusive reliance on state law, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and when the source of plaintiff's claims is ambiguous, courts decline to infer a federal cause of action. *See, e.g., Lorenz v. Texas Workforce Com'n*, 211 Fed. Appx. 242, 244-45 (5th Cir. 2006); *Manzella v. United Parcel Serv. Inc.*, No. 02-1800, 2002 WL

---

[9]  R. Doc. 24-1.

[10]  *Id.* at 3.

[11]  R. Doc. 28.

31040170, at *3 (E.D. La. Sept. 10, 2002). Here, however, Firmin did not merely put forth unidentified claims that could be interpreted by the Court as arising under state or federal law. Rather, he explicitly and repeatedly relied on federal statutes and made no mention of state law. His later identification of state discrimination statutes does not affect the Court's jurisdiction, which is based on the face of plaintiff's complaint. *See Torres,* 113 F.3d at 542.

Nevertheless, that Firmin's claims raise federal questions does not resolve the issue of whether the Court may exercise subject matter jurisdiction. Because the Court denied his application for a preliminary injunction on the grounds that he had failed to exhaust his administrative remedies under OSHA, Title VII, and the ADA, plaintiff asserts that his federal claims therefore may not be heard by the Court, and the suit should be remanded.[12] Title VII requires that a person alleging discrimination file a charge with the EEOC, and if the EEOC dismisses the charge or does not file a civil action within the allotted time, the aggrieved person may file suit after receiving

---

[12] The Court in fact held that Firmin may not bring a cause of action under OSHA, as the statute does not allow for a private right of action for retaliatory discharge. R. Doc. 23 at 5 (citing *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985)).

notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1).[13] A person may not file suit before completing these administrative steps involving the EEOC. *Id.* There is presently disagreement within the Fifth Circuit Court of Appeals as to whether this prerequisite of exhaustion implicates subject matter jurisdiction or is merely a requirement for successful suit. The Supreme Court has held that the timely filing of a charge of discrimination with the EEOC, the first step required to bring a claim under 42 U.S.C. § 2000e-5, is not a jurisdictional prerequisite and thus is subject to waiver, tolling, or estoppel. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). But, neither the Supreme Court nor the Fifth Circuit sitting *en banc* has ruled that the exhaustion requirement is also subject to waiver or estoppel. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (collecting cases and discussing the inconsistent holdings of Fifth Circuit panels).

In discussing the circuit split, the panel in *Pacheco* emphasized that the Supreme Court in *Zipes* characterized the EEOC filing deadline as a statute of limitations, which is traditionally subject to equitable tolling. *Id*. The requirement that a person exhaust his administrative remedies and receive a

---

[13] Under 42 U.S.C. § 12117(a), the ADA incorporates by reference the procedures for Title VII claims. Therefore, issues related to Title VII's statutory requirements are relevant to suits brought under the ADA. *See, e.g., Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

right-to-sue letter from the EEOC before filing suit does not function as a statute of limitations that prescribes the length of time that a person has to act on his claim. Rather, the exhaustion requirement allows the EEOC to pursue non-judicial resolution of discrimination claims, and thus Title VII prohibits civil actions "until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco*, 448 F.3d at 788-89 (internal citation omitted).

This important difference in function supports an interpretation of the exhaustion requirement as a jurisdictional prerequisite, even though the filing deadline is not. If a plaintiff fails to file a timely charge with the EEOC, his claim is barred, and he no longer has a cause of action stemming from the alleged discrimination experienced. The Supreme Court noted that in a scheme "in which laymen, unassisted by trained lawyers, initiate the process," it would be contrary to the purpose of Title VII for the filing requirement to be jurisdictional and thus not subject to tolling, waiver, or estoppel. *Zipes*, 455 U.S. at 397 (quoting *Love v. Pullman*, 404 U.S. 522 (1972)). Conversely, the exhaustion requirement does not affect whether a person's claim is preserved. Instead, it impacts only the time at which a claim may be brought, since a person may file suit if the EEOC determines that the agency will not. It would be both inefficient and contrary to the procedure set forth in the

statute for a court to hear a person's suit before the EEOC indicated that it would not pursue the claim. *See Tolbert v. U.S.*, 916 F.2d 245, 248 (5th Cir. 1990) (failure to exhaust administrative remedies deprives the court of jurisdiction; "impatience with the [EEOC] does not justify immediate resort to the courts") (internal citation omitted).

In light of the differences between the requirements to timely file a charge and to await the EEOC's action before independently filing suit, the Court finds that it does not have jurisdiction to hear a claim for which the administrative remedies have not been exhausted. Here, it is not disputed that plaintiff did not wait for the EEOC to conduct its own investigation or signal its unwillingness to do so before he filed suit in state court. The Court therefore finds that it does not have jurisdiction over plaintiff's claims brought under Title VII or the ADA.

  B. *Diversity Jurisdiction*

Defendant also asserts that the Court has jurisdiction over plaintiff's claims based on diversity of citizenship. 28 U.S.C. § 1332. Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and of the state

in which its principal place of business is located. Plaintiff's petition identifies defendant as a Texas corporation,[14] and defendant presents a declaration by an employee stating that the company is headquartered in Texas.[15] That defendant maintains an office in Louisiana does not affect its Texas citizenship, since there is no evidence that it is incorporated in Louisiana, and its headquarters is in Beaumont, Texas.[16] *See* 28 U.S.C. § 1332(c)(1). Plaintiff does not contest that he is a Louisiana citizen, and therefore, the parties are diverse.

Regarding the amount in controversy, plaintiff does not identify a specific amount of damages in his petition. *See* La. Code Civ. Proc. Ann. Art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). As amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, 28 U.S.C. § 1446 provides that the sum demanded in good faith in the initial pleading shall serve as the amount in controversy. 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief, the notice of removal may

---

[14]   R. Doc. 22-1.

[15]   R. Doc. 22-3.

[16]   The exhibit that plaintiff cites as evidence of RCI's Louisiana citizenship, the website of the Louisiana secretary of state, in fact supports RCI's position, for it lists RCI as a "non-Louisiana" business corporation. *See* R. Doc. 13-1 at 8.

assert the amount in controversy, and removal is proper if the court finds, by a preponderance of the evidence, that the amount of controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i);(B).

This new provision of Section 1446 is consistent with the approach taken by the Fifth Circuit in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages. *See Wright Family Inv., LLC v. Jordan Carriers, Inc.*, No. 12-CV-0826, 2012 WL 2457664, at *1 (W.D. La. June 25, 2012) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002). Under Fifth Circuit jurisprudence, a defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Grant,* 309 F.3d at 868 (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *Id.* (citing *De Aguilar,* 47 F.3d at 1412).

In an action for declaratory or injunctive relief, the amount in controversy requirement is determined by the "value of

11

the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998); *Alfonso v. Hillsborough Cnty. Aviation Auth.,* 308 F.2d 724, 727 (5th Cir. 1962) ("The value to the plaintiff of the right to be enforced or protected determines the amount in controversy.") Here, the Court finds that the value of the right to be protected is plaintiff's unimpeded employment at the Valero Refinery.[17] In its notice of removal, defendant submitted plaintiff's job referral slip from the position that he sought at Valero, which indicated that his anticipated hourly rate was $14.50.[18] Defendant contends that if plaintiff worked 2000 hours per year at such a rate, the value of his employment would exceed $75,000 between his second and third year in the position.

The Court finds that defendant has not put forth evidence of facts in dispute that suggest that the value of plaintiff's claims exceeds $75,000. *See Grant,* 309 F.3d at 868. Although plaintiff seeks a permanent injunction, which could imply that years of employment are at stake, his offer of employment at the refinery was withdrawn before he ever started. Thus, not only does defendant rely on plaintiff's hourly rate for a position that he never held, but defendant's establishment of the amount

---

[17] R. Doc. 24-1 at 3.

[18] R. Doc. 24-4.

12

in controversy depends on plaintiff's accrual of 2000 hours of employment per year for several years at this position. Defendant's calculation of 2000 hours of employment appears to rest on an assumption that plaintiff would have worked approximately 40 hours per week, which the record does not substantiate. Further, there is no evidence supporting defendant's claim that the position promised at least two years of employment. In fact the job referral slip stated that the position was "at-will", and so plaintiff could have been let go at any time. *See, e.g., Washington v. Davis*, No. 01-1863, 2002 WL 1798764, at *4 (E.D. La. 2002) (overly speculative to assume that plaintiff's employment would last beyond her probationary period, during which she could only be terminated for just cause).

Moreover, plaintiff does not seek damages such as back pay or punitive damages that could increase the amount in controversy. Plaintiff does request attorney's fees,[19] but a plaintiff proceeding *pro se*, as Firmin is here, may not recover attorney's fees under Title VII. *See Odom v. Frank*, 782 F. Supp. 50, 52-53 (N.D. Tex. 1991) (citing *Kay v. Bremer Ehrler and Kentucky Board of Elections,* 499 U.S. 432 (1991)). Plaintiff also seeks costs related to loss of work,[20] but these damages represent the cost of the injunction to the plaintiff, which

---

[19]   R. Doc. 24-1 at 4.

[20]   *Id.*

13

defendant has already attempted to quantify. The Court thus finds that defendant's calculations as to the value of the injunction are far too speculative to satisfy its burden of demonstrating the amount in controversy. Therefore, to the extent that plaintiff presents any causes of action that are not barred by his failure to exhaust his administrative remedies, the Court may not exercise jurisdiction over these claims on the basis of diversity jurisdiction.

## IV. CONCLUSION

    For the foregoing reasons, the Court GRANTS plaintiff's motion to remand the suit.

New Orleans, Louisiana, this <u>26th</u> day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE